NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2758
_____

EVON GROSSBERG,
                            Appellant

v.

HUDSON COUNTY DEPARTMENT OF HUMAN SERVICES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 2-15-cv-01456)
District Judge:  Honorable Stanley R. Chesler

Submitted Under Third Circuit L.A.R. 34.1(a)
May 25, 2018

BEFORE:  McKEE, SHWARTZ, and NYGAARD, *Circuit Judges*

(Filed: July 6, 2018)
_____

OPINION*
_____

NYGAARD, *Circuit Judge.*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Evon Grossberg sued Hudson County Department of Social Services, raising employment discrimination, retaliation, and hostile work environment claims under Title VII (42 U.S.C. § 2000e-2-(a) et.seq.) the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 623), and the New Jersey Law Against Discrimination (N.J.S.A. § 10:5-12(a)).[1]  She appeals the District Court's grant of summary judgment on all counts in favor of Hudson County.[2]  We will affirm.

We review de novo the District Court's order granting summary judgment.  We will affirm the order "if the moving party has shown that the evidentiary material on the record . . . is insufficient to permit the nonmoving party to carry its burden of proof." *Willis v. UPMC Children's Hospital of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 320 (1986).  We "construe all facts and inferences in favor of the nonmoving party." *Id.*

Grossberg is an African-American woman who was 58 at the time of these events. She applied for a promotion to a Training Technician position, but Hudson County instead gave the position to a younger "non-black"[3] female employee.  She asked a supervisor to explain the decision and was referred to her union representative.  She then complained to her union representative and, a few weeks later, completed an online

---

[1] The New Jersey Supreme Court has applied federal standards and burdens of proof to the New Jersey age discrimination law.  *Monaco v. American General Assur. Co.*, 359 F.3d 296, 305 (3d Cir. 2004); *Bergen Commercial Bank v. Sisler*, 723 A.2d 944, 949-50 (N.J. 1999).

[2] Grossberg does not appeal summary judgment on her claims pursuant to 42 U.S.C. § 1981 and common law intentional infliction of emotional distress.

[3] This is Grossberg's term.

intake form with the Equal Employment Opportunity Commission (EEOC). Within two months of its decision to promote the other employee, Hudson County also promoted Grossberg to be a Training Technician. Grossberg is convinced that the original decision to promote the other employee was age and race discrimination. She also asserts Hudson County's later decision to promote her was part of their discriminatory conduct.

The District Court applied a burden-shifting analysis that is appropriate to discrimination claims like this that rely on circumstantial evidence (*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Although in the first stage of review the moving party carries the burden of showing the absence of material fact, the nonmoving party cannot survive by merely raising "bare assertions, conclusory allegations or suspicions." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Grossberg makes a circuitous argument to account for the fact that Hudson County promoted her to the position for which she applied. She says that the County knew she complained about being passed over for the promotion and promoted her to cover-up their original discriminatory decision to give the position to someone else.[4] It is a novel claim, but the District Court did not err by concluding that the record contained no evidence that Hudson County's treatment of Grossberg constituted an adverse employment decision (the third prima facie element).[5]

---

[4] She did ask a supervisor for an explanation of the decision to promote someone else, but she does not provide any evidence that supervisors knew she completed an online EEOC application.

[5] To establish a prima facie case, a plaintiff must show the following: "(1) [S]/he is a member of a protected class; (2) s/he was qualified for the position s/he sought to attain

We define "adverse employment" decision as one in which an employer discharges, refuses to hire, or makes a decision that is serious enough to "alter[] the employee's compensation, terms, conditions, or privileges of employment' deprives him or her of "employment opportunities or 'adversely affect[s] his [or her] status as an employee." *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1300 (3d Cir. 1997) (quoting 42 U.S.C. §2000e-2(e)) abrogated on other grounds by *Burlington N. & Santa Fe Ry Co. v. White*, 548 U.S. 53 (2006). Grossberg does not contend, nor does she present any evidence showing that she suffered a loss of compensation from either promotion decision. She also does not show any tangible and significant deprivation of any employment-related opportunity attributable to these decisions. Finally, beyond the assignment of a broken chair and dirty desk, she offers no evidence of a material change in the terms or conditions of her employment resulting from Hudson County's action. We conclude that the record Grossberg created lacks any basis to reasonably infer any adverse employment action by Hudson County.

She next claims that she was subjected to retaliation from her supervisors after she complained to her union representative and later completed an online intake form with the EEOC.[6] The record falls far short on two of three prima facie elements: evidence of

---

or retain; (3) s/he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008).

[6] The elements of a retaliation claim are: "(1) [T]hat s/he engaged in a protected employee activity; (2) that s/he was subject to adverse action by the employer either subsequent to or contemporaneous with the protected activity; and (3) that there is a causal connection between the protected activity and the adverse action." *Fasold v.*

4

an adverse action by her employer; and a causal link between the protected activity and the adverse action.[7]

Since Grossberg's appellate brief failed to identify specific evidence relating to the claim, we presume it rests on the following incidents and assertions.[8] She claims supervisors set her up to fail at her new job by withholding proper training from her, but she offers only conclusory statements as support. On two occasions supervisors admonished a group of employees on some general matters (the cleanliness of the women's restroom, and rules about clocking-out). Grossberg interpreted the comments as directed at her, but she only references a comment by one employee on one occasion— that older employees were leaving early—as evidence to support her suspicion. At another time an instructor chastised her for missing a training session, telling her that she could be fired. Finally, as we already mentioned, she complains that the County assigned

---

*Justice*, 409 F.3d 178, 188 (3d Cir. 2005). Her retaliation claim is ill-defined and so we presume these events constitute her protected activity.

[7] The District Court properly applied the *McDonnell Douglas* burden-shifting framework to this analysis. 411 U.S. at 802.

[8] Grossberg makes a claim on appeal that she was "forced" to accept her promotion to Training Technician. She does not appear to be referring to her actual acceptance of the promotion, but rather the signing of a form acknowledging it. Her statement of facts references her deposition testimony in which she says that a union representative told her that she must sign "a document attesting to the fact that she was promoted" and that if she did not "the EEOC would drop her case." Pl.'s Statement Undisputed Material Facts at 4-5, *Grossberg v. Hudson Cty. Dep't of Soc. Servs.,* No. 2:15-cv-01456 (D.N.J. Jan. 24, 2017). Grossberg did not specify which claim this argument supports, leaving us to presume that it was part of her retaliation claim. Regardless, Grossberg fails to explain this rather vague claim any further, nor does she illuminate the significance of it to the retaliation claim (or any of her claims). As a result, we conclude it is insufficient evidence to support a prima facie claim.

5

her a dirty desk and broken chair. None of this (individually or collectively) comes close to establishing an adverse employment action. Moreover, she does not substantiate how any of these incidents were connected to a protected activity. She provides only speculative comments in this regard.

Finally, Grossberg claims a hostile work environment.[9] She alleges constant harassment, ridicule, and verbal and physical assaults.[10] The record fails to support this. For example, she alleges one instance in which a coworker "aggressively" pushed papers at her, though no contact was made. At another time, a coworker blamed older employees for clocking out early. Grossberg alleges an instance in which another employee slammed papers onto a table and made a negative religion-oriented comment to her. Finally, a co-worker brushed by her and acted dismissively towards her while taking over her task of training an employee on a computer. Her diary contained a few other similar incidents over the course of a year. We, of course, accept that Grossberg reacted negatively to these events, but none of it objectively rises to the level of "severe or

---

[9] Her hostile work environment claims were made pursuant to 42 U.S.C. § 2000e et seq.; and N.J.S.A. § 10:5-12; and we presume without deciding that the ADEA also supports such a claim. The elements are common to each claim are: "1) [T]he employee suffered intentional discrimination because of his/her [protected status], 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013). The District Court correctly applied the *McDonnell Douglas*, burden-shifting framework to this analysis. 411 U.S. at 802.

[10] Again, lacking a clear articulation of the evidence supporting her claim, we presume from our reading of the record the incidents that constitute the basis for it.

pervasive" conduct, which is necessary to sustain a prima facie claim. *Castleberry v. STI Grp.*, 863 F.3d 259, 264 (3d Cir. 2017).

For all of these reasons, we will affirm the order of the District Court.